IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HENRY LUCAS, JR.,  :

    Plaintiff,

v.  :  Case No. 3:17-cv-00275

UNITED PARCEL SERVICE, INC.,  JUDGE WALTER H. RICE

    Defendant.  :

---

DECISION AND ENTRY OVERRULING WITHOUT PREJUDICE TO ORALLY RENEWING AT TRIAL DEFENDANT'S MOTION IN LIMINE TO EXCLUDE INCOMPARABLE CONDUCT BY OTHER EMPLOYEES (DOC. #70)

---

Defendant, United Parcel Service, Inc. ("UPS"), has filed a Motion *in Limine* to Exclude Incomparable Conduct by Other Employees, Doc. #70. It asserts that pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence, Plaintiff and his counsel should not be permitted to introduce evidence or testimony at trial referring to any comparators who are not similarly situated to him. Defendant argues that Plaintiff was terminated because he was videotaped urinating in a package car parked inside the Piqua facility. Although Plaintiff has not filed a response to this motion, he has previously argued that he was not urinating in a package car, but was urinating in a floor drain while standing on the steps of a package car, parked inside the Piqua facility. He has also argued that Defendant did not terminate other employees for allegedly urinating in a drain in the facility

and that UPS did not terminate any of its drivers for urinating in a bottle, inside the package car, while on a rural route.

In its Decision and Entry of January 30, 2020, overruling in part and sustaining in part Defendant's motion for summary judgment, Doc. #72, the Court also overruled, without prejudice to refiling and/or orally renewing at trial, UPS's motion *in limine* to exclude improper comparators, Doc. #47.  As stated in that decision "a court is almost always better situated during the actual trial to assess the value and utility of evidence [and the then evidentiary context in which it is offered]," *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Doc. # 72, PAGEID#2040.  A court "has the power to exclude evidence in limine only when the evidence in question is clearly inadmissible on all potential grounds." *Indiana Ins. Co., v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  If evidence does not meet this high standard, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id*.

As explained in the Court's prior Decision and Entry, Doc. #72, an "exact correlation" of whether a comparator is similarly situated is not required. *Ercegovich v. Goodyear Tire & Rubber Company*, 154 F.3d 352 (6th Cir. 1998). Moreover, the "weight given to each factor can vary depending upon the particular case." *Johnson v. Kroger Co.*, 319 F.3d 858, 867 (6th Cir. 2003); *See Gosbin v. Jefferson County Commissioners*, 725 F. App'x 377 (6th Cir.

2018)(affirming decision that no *prima facie* sex discrimination case existed because plaintiff's two comparators were not similarly situated and also reaffirming *Ercegovich* that "exact correlation" is not required).

As was true with its earlier motion to exclude improper comparators, Doc. #47, Defendant's motion fails to show that the evidence in question is "clearly inadmissible." *Indiana Ins.* Co., 326 Fed.Supp.2d at 846. Accordingly, Defendant's Motion *in Limine* to Exclude Incomparable Conduct by Other Employees, Doc. #70, is overruled without prejudice to orally renewing at trial.

Date: October 1, 2020

_____ (tp - per Judge Rice authorization after his review)
WALTER H. RICE
UNITED STATES DISTRICT JUDGE