IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HENRY LUCAS, JR., :

    Plaintiff, :

v. : Case No. 3:17-cv-00275

UNITED PARCEL SERVICE, INC., : JUDGE WALTER H. RICE

    Defendant. :

---

DECISION AND ENTRY SUSTAINING, IN PART, AND OVERRULING
IN PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE FAILURE
TO ACCOMMODATE CLAIM (DOC. #71)

---

Defendant, United Parcel Service, Inc. ("UPS"), has filed a Motion *in Limine*, pursuant to Fed. R. Evid. 401, 402 and 403, seeking to exclude any reference by Plaintiff, Henry Lucas, Jr. ("Plaintiff" or "Lucas"), and his counsel from introducing at trial any evidence or testimony referring to his dismissed failure to accommodate claim, Doc. # 71.[1] Defendant's motion includes any testimony or evidence by Plaintiff or his counsel related to whether: (1) Plaintiff had a need to urinate frequently; (2) this alleged need to urinate frequently was due to his

---

[1] On January 20, 2020, the Court sustained in part and overruled in part Defendant's Motion for Summary Judgment. Doc. #20. Plaintiff's claim that UPS failed to provide him a reasonable accommodation was dismissed. Defendant's motion for summary judgment was overruled concerning Plaintiff's disability claim under Ohio law and racial discrimination claim under Title VII and Ohio law. Doc. #72.

diabetes; and (3) a UPS supervisor instructed Plaintiff to use the drain to accommodate his alleged need to urinate frequently. UPS contends that any testimony and evidence regarding the failure to accommodate claim, including these three subject areas, is irrelevant because Plaintiff's failure to accommodate claim has been dismissed and because there is no medical testimony supporting Plaintiff's alleged need to urinate frequently due to his diabetes or any other medical condition. Defendant argues that any probative value that such evidence or testimony could offer is outweighed by its potential to mislead or confuse the jury about the remaining disability discrimination claims.

Plaintiff has not filed a response to Defendant's motion.

The Court agrees that because the failure to accommodate claim has been dismissed, Doc. #72, that no evidence or testimony should be presented regarding whether UPS failed to accommodate Lucas's alleged need to urinate frequently. Plaintiff's disability discrimination claim in Count One and racial discrimination claims in Count Two, however, are based, in part, upon Plaintiff's allegations that he needed to urinate frequently, was diabetic and that he was told by his supervisor to "use the drains like everyone else does." Lucas claims that when he did "use the drains like everyone else," albeit from the bottom step of a UPS package car, he was videotaped by his employer and terminated. UPS, however, contends that Lucas was terminated because he was urinating inside of a UPS package car and that his termination was not due to any alleged disability or racial discrimination. Lucas, however, denies that he urinated inside of a package car

2

and further asserts that UPS does not terminate delivery drivers on routes who urinate in bottles and bags inside the package cars.

Testimony and evidence concerning Lucas's alleged need to urinate frequently and instructions from his supervisor that he should use the floor drain like everyone else is relevant, under Fed. R. Evid. 401, as evidence of Plaintiff's claims of disability and racial discrimination. As such, this testimony and evidence has sufficient probative value to be admissible under Rule 401.

UPS next argues that even if this testimony and evidence is deemed relevant under Rule 401, it must be excluded under Fed. R. Evid. 403, since the probative value is substantially outweighed by the danger of unfair prejudice. Defendant also asserts that it will confuse and mislead the jury about Plaintiff's remaining disability discrimination claim. Again, the Court does not agree. Although UPS states that this testimony and evidence will create "unfair prejudice," it provides no explanation as to how this might be unfairly prejudicial. *See Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373, 378 (6th Cir.1983) (stating "[o]f course, 'unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair'" (internal quotations omitted)). With respect to creating confusion and misleading the jury, UPS contends that the jury will be required to decide Plaintiff's disability discrimination claim, based on whether Plaintiff was treated less favorably than similarly situated employees, and evidence of "whether Plaintiff requested,

3

qualified for, and/or was granted a reasonable accommodation" could confuse the jury. As stated, the Court agrees that evidence of "reasonable accommodation" is irrelevant since the claim has been dismissed. Testimony that Plaintiff "requested" from his supervisor that he "might need relief" because he was diabetic and was told to use the floor drain, will not confuse the issues or mislead the jury. The jury will be given instructions as to the legal elements of a claim for disability discrimination under O.R.C. § 4112.02(A). The jury will neither be instructed upon or hear the words "failure to accommodate" during any aspect of the trial. As such, Defendant's argument that the jury will be confused or misled is, at best, speculative.

UPS's final argument is that Plaintiff's allegations that he is diabetic and that this condition causes him to urinate frequently must be excluded because it is not supported by any medical evidence in this case. Although the Court agrees that a medical diagnosis of diabetes requires specialized knowledge within the scope of Fed. R. Evid. 702 and that lay witness testimony as to a medical diagnosis is ordinarily not permitted, the Court assumes without having read the as-yet unfiled deposition of Dr. Plumb, that said physician will supply the necessary testimony as to the diagnosis of diabetes and the causal relationship between diabetes and the need to urinate frequently. Moreover, courts are generally reluctant to grant broad exclusions of evidence *in limine*, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F.Supp.2d 1385, 1388

4

(D.Kan.1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975). A ruling *in limine* should not be made unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible. *See Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D.Ohio 2004); *Koch*, 2 Fed. Supp. 1388. If this high standard is not met, evidentiary rulings should be deferred so that the issues may be resolved in the context of the trial. *Indiana Ins. Co.*, 326 F.Supp.2d at 846. Because this standard is not met at this time, the Court overrules this portion of Defendant's motion. If the Court is incorrect in its premise concerning Dr. Plumb, the defense may file a motion for reconsideration on this point.

Accordingly, for the reasons set forth above, Defendant's Motion *in Limine* to Exclude Failure to Accommodate Claim, Doc. #71, is sustained in part and overruled in part. Defendant's motion to exclude evidence, testimony and any reference to Plaintiff's now-dismissed failure to accommodate claim against UPS is SUSTAINED. Defendant's motion to exclude evidence and testimony from Plaintiff concerning any testimony or evidence by Plaintiff, or statement by his counsel, related to whether: (1) Plaintiff had a need to urinate frequently; (2) this alleged need to urinate frequently was due to his diabetes; and (3) a UPS supervisor instructed Plaintiff to use the drain to accommodate his alleged need to urinate frequently is OVERRULED.

5

Date: October 1, 2020   *Walter H. Rice* (tp - per Judge Rice authorization after his review)

WALTER H. RICE
UNITED STATES DISTRICT JUDGE