IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HENRY LUCAS, JR.,  :

    Plaintiff,

v.  :  Case No. 3:17-cv-00275

UNITED PARCEL SERVICE, INC.,    JUDGE WALTER H. RICE

    Defendant.  :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE OF HIS CURRENT OR PRIOR CRIMINAL CONVICTIONS OR INCARCERATIONS (DOC. #64); DEFENDANT IS PROHIBITED FROM MAKING ANY STATEMENT OR INTRODUCING ANY EVIDENCE OF PLAINTIFF'S CURRENT OR PRIOR CRIMINAL CONVICTIONS OTHER THAN ASKING PLAINTIFF THE FOLLOWING QUESTIONS: (1) IF HE WAS EVER CONVICTED OF A FELONY OFFENSE; (2) HOW MANY TIMES HE WAS CONVICTED OF A FELONY OFFENSE; AND (3) THE NATURE OF HIS 2010 CONVICTION MAY BE INTRODUCED ON CROSS-EXAMINATION; DEFENDANT CANNOT BE ASKED WHETHER HE HAS BEEN OR IS NOW INCARCERATED

---

Plaintiff, Henry Lucas, Jr. ("Lucas" or "Plaintiff"), has filed a Motion *in Limine* to Exclude any Evidence of Criminal Convictions or Incarcerations. Doc. #64. Lucas's motion seeks to exclude "any testimony or evidence concerning Plaintiff's current or former criminal cases and/or incarcerations." Defendant has filed a memorandum in opposition, Doc. #66.

In his motion, Lucas seeks to exclude evidence and testimony, pursuant to Fed. R. Evid. 403, regarding the following: (1) Plaintiff's guilty plea in the Miami County Common Pleas Court on October 3, 2019, that resulted in a sentence of incarceration on November 13, 2019, and (2) a 2010 guilty plea that resulted in incarceration in 2010. Doc. #64, PAGEID#1961.  Plaintiff asserts that both of these convictions are unrelated to the employment issues before the Court, have "no significant probative value" and "risk[s] prejudicing the Jury against Plaintiff."  He provides no further information regarding these two convictions.

United Parcel Service ("UPS"), however, states that the 2019 conviction is for gross sexual imposition, a felony that resulted in a five-year sentence, and that the 2010 conviction is for deception to obtain dangerous drugs and resulted in a one-year period of incarceration. Doc. #66, PAGEID#1986. Defendant argues that Plaintiff's two criminal convictions should be admitted into evidence and cites to Fed. R. Evid. 609(a) which permits criminal convictions less than 10 years old to attack a witness's credibility under the following circumstances:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence…must be admitted, subject to Rule 403, in a civil case…
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime require proving—or the witness's admitting—a dishonest act or false statement.

Fed. R. Evid. 609(a).

With respect to Lucas's alleged 2010 conviction, UPS argues that this is admissible under Rule 609(a)(2) since it concerns "a dishonest act or false statement" and is less than 10 years old. As such, according to UPS, Rule 403 and any "unfair prejudice" are not an issue.[1]

UPS also argues that Lucas's 2019 conviction is for gross sexual imposition and is relevant since it is a felony and goes to his "truthfulness as a witness." Doc. #66, PAGEID#1988, citing *Thomas v. McDowell*, No. 2:10-cv-152, 2014 WL 5305501, at *7 (Graham, J.) (S.D. Ohio Oct. 15, 2014) (permitting convictions of plaintiff for rape and kidnapping as probative of plaintiff's character for truthfulness).

Finally, UPS contends that both convictions are relevant to its affirmative defenses of mitigation of damages and the after-acquired evidence doctrine. Specifically, Defendant asserts that Plaintiff testified in his deposition that he did not find subsequent equivalent employment after his termination from UPS because of his criminal history. Because of this, UPS argues that it must be able to introduce evidence that Lucas failed to look for and accept substantially equivalent employment after leaving UPS because of his prior criminal convictions. With respect to Defendant's after-acquired evidence doctrine, UPS contends that if Plaintiff had not been terminated as alleged in the lawsuit, his

---

[1] The Court notes that by the time of trial on January 25, 2021, the 2010 conviction will be more than 10 years old. However, evidence of the conviction and its nature may still be admitted if his release from confinement on that conviction occurred less than ten years prior to the trial.

employment with UPS would have ended once it learned of his criminal history, thus limiting Plaintiff's potential damages, as of that date. *James v. Kaiser Aluminum Fabricated Products*, LLC, No. 2:11-cv-00847, 2013 WL 1787382 (S.D. Ohio Apr. 25, 2013), (Graham, J.) (evidence of the plaintiff's post-termination jail time is relevant to the issue of damages in FMLA case).

In this case, however, Plaintiff was terminated on January 17, 2016, and the offense date for Plaintiff's gross sexual imposition charge is March 11, 2017. As such, it is unclear if this post termination misconduct would be permissible as an after- acquired evidence defense. *See Jones v. Nissan N. Am., Inc.*, 438 Fed.Appx. 388, 406-407 (6th Cir. 2011)(plaintiff's misconduct admissible as after-acquired evidence since it occurred while employee was on FMLA leave); See also, *Oster v Huntington Bankshares Inc.*, No. 2:15-cv-2746, 2017 WL 2215462* (S.D. Ohio 2017)((Marbley, J.) (district court permitted only evidence of pre-termination misconduct noting "the perverse incentives created if employers were rewarded for rummaging around an ex-employee's life following his or her termination, all in the name of creating some post-hoc rationale for that very termination. It stands to reason that losing one's job may create unexpected and unordinary hardships in a person's life—hardships that, in any event, easily could be spun to justify the underlying termination.")

Although UPS is correct that its affirmative defenses and Fed. R. 609(a) permit a jury to hear some evidence of Plaintiff's 2010 and 2019 convictions, the Court finds, pursuant to Fed. R. Evid. 403, that "the probative value" of the nature

4

of Plaintiff's conviction for "gross sexual imposition" is "substantially outweighed by a danger of" both unfair prejudice and confusion of the issues.[2] Rule 609(a) and Defendant's affirmative defenses of mitigation of damages and the after-acquired evidence doctrine, however, do require that the jury be provided some evidence of these two convictions.

Accordingly, for the reasons stated in this Decision and Entry, Plaintiff's Motion *in Limine* to Exclude any Evidence of Prior Criminal Convictions or Incarcerations, Doc. #64, is SUSTAINED in part and OVERRULED in part. Any testimony and evidence containing details of Plaintiff's current or prior criminal convictions or incarcerations will be excluded, other than the nature of his 2010 conviction for deception to obtain dangerous drugs. UPS, however, will be permitted to impeach Plaintiff, by asking him on cross-examination the following questions: (1) if he was ever convicted of a felony offense; (2) how many times he was convicted of felony offenses; and, (3) whether he was convicted of deception to obtain dangerous drugs in 2010. Plaintiff cannot be asked whether he has been or is now incarcerated.

In order to avoid the danger of unfair prejudice and confusion of the issues that, in the Court's opinion, would result from the introduction of evidence of Defendant's convictions and/or incarcerations, other than the above, and, further,

---

[2] The naming of the nature of the 2010 conviction for deception to obtain dangerous drugs is permitted by Fed. R. Evid. 609(a)(2), without being subject to a Fed. R.. Evid. 403 analysis.

5

in order to allow Defendant to offer testimony and evidence concerning Plaintiff's alleged failure to mitigate damages and/or the after required evidence doctrine, should the evidence at trial and the applicable law allow same to be raised, the Court will work with counsel to develop a stipulation, both to be read to the jury and included in the jury instructions, to the effect that "damages, if any, can neither be considered nor awarded for any period of time after March 11, 2017." That date, March 11, 2017, is the date of the offense leading up to his 2019 conviction for Gross Sexual Imposition.  This, or a similar stipulation, will avoid the possibility that the probative evidence allowed above will be substantially outweighed by the danger of both unfair prejudice and confusion of the issues, yet will allow Defendant to offer any available competent evidence and/or testimony reference Plaintiff's failure to mitigate damages and/or after-acquired evidence.

Date: October 27, 2020

*Walter H. Rice*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE